UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEMEKA JONES ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-4353**<br>**c/w 19-9980** |
| **NATIONAL LIABILITY & FIRE**<br>**INSURANCE CO. ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendants Tony Smith, Southern Miss Trucking, Inc., and National Liability & Fire Insurance Company's Motion for Partial Summary Judgment (Doc. 47). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiffs Temeka, Dwanda, and Lorraine Jones allege that they were injured in an automobile accident when an 18-wheeler operated by Defendant Tony Smith hit their rental car.[1] Plaintiffs allege, and Defendants admit, that

---

[1] Lorraine Jones filed suit separately (Case No. 19-9980), and her case was consolidated with the main action brought by Temeka and Dwanda Jones.

Smith was in the course and scope of his employment with Southern Miss Trucking, Inc. ("Southern Miss") at the time of the accident. Plaintiffs claim that Smith was negligent in causing the accident and that Southern Miss is vicariously liable for that negligence.

Plaintiffs' Complaints do not expressly bring claims of independent negligence against Southern Miss. However, Plaintiffs have sought discovery regarding Southern Miss's hiring, training, and supervision of Smith. Accordingly, Defendants have moved to dismiss any claim for independent negligence of Southern Miss. Plaintiffs oppose, arguing that consideration of the instant motion should be deferred until they can conduct a Rule 30(b)(6) deposition of Southern Miss.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden

---

[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Defendants ask this Court to dismiss Plaintiffs' claim that Southern Miss is independently liable for Plaintiffs' damages because of its negligent hiring, training, supervision, or entrusting of Smith. Defendants argue that when an employer admits, as it has here, that the employee was in the course and scope of employment when he committed the alleged negligence, the plaintiff cannot simultaneously pursue vicarious liability and direct negligence claims against an employer.

---

[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

Louisiana law applies to this diversity action.[10] There is no binding precedent under Louisiana law controlling this issue.[11] "If there is no ruling by the state's highest court on the specific question, the Court must make an *Erie* guess as to how the state's highest court would decide the issue."[12] Several courts, including this one, have recently engaged in making an *Erie* guess on this issue and have sided with Defendants.[13] Indeed, "[s]ections of this Court and other federal district courts in Louisiana have uniformly held that, when an employer is indisputably vicariously liable for the negligent acts of its employee, the plaintiff cannot also maintain a direct negligence claim against the employer."[14]

In *Thomas v. Chambers*, the plaintiff was injured in a car accident involving a tractor-trailer operated by Randall Chambers, an employee of God's Way Trucking, LLC ("God's Way").[15] Plaintiff brought claims against Chambers for his negligence and against God's Way for vicarious liability and its independent negligence for negligently hiring, training, supervising, and entrusting Chambers.[16] The court held "that plaintiffs may not maintain both

---

[10] Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 681 (5th Cir. 2011).
[11] Wright v. Nat'l Interstate Ins. Co., No. CV 16-16214, 2017 WL 5157537, at *2 (E.D. La. Nov. 7, 2017).
[12] Thomas v. Chambers, No. CV 18-4373, 2019 WL 1670745, at *6 (E.D. La. Apr. 17, 2019)
[13] *Id.*; *Wright*, 2017 WL 5157537, at *2; Dennis v. Collins, No. CV 15-2410, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016); Coffey v. Knight Refrigerated, LLC, No. CV 19-3981, 2019 WL 5684258, at *3 (E.D. La. Nov. 1, 2019); Franco v. Mabe Trucking Co., Inc., No. 17-871, 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); Vaughn v. Taylor, No. 18-1447, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019); Wilcox v. Harco Int'l Ins., No. CV 16-187-SDD-EWD, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017).
[14] Pigott v. Heath, No. CV 18-9438, 2020 WL 564958, at *3 (E.D. La. Feb. 5, 2020) (cases cited therein).
[15] *Thomas*, 2019 WL 1670745, at *1.
[16] *Id.*

a direct negligence claim against God's Way and a claim that God's Way is vicariously liable for Chambers's negligence, because God's Way readily admits that it is vicariously liable for Chambers's alleged negligence."[17] In so holding, the court made an *Erie* guess in reliance on the Louisiana Third Circuit Court of Appeal's decision in *Libersat v. J & K Trucking, Inc*.[18] In *Libersat*, the appellate court held that the district court did not err in failing to instruct the jury on the employer's duty regarding hiring and training when it "equated *respondeat superior* to all possible theories of recovery."[19] The court explained that:

> If Mr. Mitchell [the employee] breached a duty to the Appellants, then Patterson [his employer] is liable under the theory of respondeat superior. If Mitchell did not breach a duty to the Appellants then no degree of negligence on the part of Patterson in hiring Mitchell would make Patterson liable to the Appellants.[20]

Judge Vance reasoned in *Thomas* "that, if a jury charge on the employer's standard of care is unnecessary under the scenario at issue, then summary judgment on direct negligence claims is also appropriate."[21] This Court adopted this reasoning in *Coffey v. Knight Refrigerated*.[22] Plaintiffs do not point this Court to any case reaching a contrary conclusion. "The facts of this case are directly analogous to *Thomas* [and *Coffey*], and the same principles necessitate summary judgment here."[23]

---

[17] *Id.* at *7.
[18] 772 So. 2d 173 (La. App. 3 Cir. 2000).
[19] *Id.* at 179.
[20] *Id.*
[21] Giles v. ACE Am. Ins. Co., No. CV 18-6090, 2019 WL 2617170, at *2 (E.D. La. June 26, 2019) (discussing *Thomas*, 772 So. 2d 173).
[22] *Coffey*, 2019 WL 5684258, at *3.
[23] *Giles*, 2019 WL 2617170, at *2.

5

Plaintiffs present only one argument in their opposition. They argue that Defendants' Motion is premature and that this Court should defer ruling to allow additional time for discovery. Federal Rule of Civil Procedure 56(d) allows a court to defer consideration of a motion or allow the nonmovant additional time for discovery if the nonmovant can demonstrate "(1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact."[24] The issue before the Court in this motion is a legal issue and further development of the facts would have no bearing on its outcome. Accordingly, Plaintiff's claims for independent negligence against Southern Miss are dismissed.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiffs' claims for independent negligence against Southern Miss Trucking, Inc. are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 23rd day of March, 2020.

**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[24] Weaver v. Harris, 486 F. App'x 503, 505 (5th Cir. 2012).