UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TEMEKA JONES ET AL.                     CIVIL ACTION

VERSUS                                      NO: 19-4353
                                                    c/w 19-9980

NATIONAL LIABILITY & FIRE
INSURANCE CO. ET AL.                    SECTION "H"
                                                    **(Applies To: 19-9980)**

## ORDER AND REASONS

Before the Court is Defendants' Motion in Limine to Exclude Body Camera Footage (Doc. 82). Plaintiff Lorraine Jones alleges that she was injured in an automobile accident when an 18-wheeler operated by Defendant Tony Smith hit a car in which she was riding. New Orleans Police Department ("NOPD") Officer Michael Lewis responded to the accident, and his body camera was active for the investigation. In the instant motion, Defendants seek to exclude the body camera footage, arguing that Plaintiff failed to produce it. The Court held oral argument on this motion on August 6, 2020.

Plaintiff obtained the body camera footage at issue through a public records request to the NOPD in June 2019. However, when she subsequently

1

responded to Defendants' request for production—to which the body camera footage would have been responsive—she neither produced the video nor indicated that she was withholding it. Plaintiff merely made a general objection to requests for documents in the public domain. Defendants also requested the footage from the NOPD but were ultimately told that the footage was lost in a security breach. Defendants did not discover that Plaintiff had obtained the footage until Plaintiff's counsel presented it at Officer Lewis's deposition. Defendants did not receive the footage from Plaintiff until January 22, 2020—after the deposition of all fact witnesses had been completed.

The video footage at issue falls squarely within the scope Defendants' discovery request and the scope of discovery outlined by Federal Rule of Civil Procedure 26. The fact that the video is publicly available does not prevent its discovery.[1] Further, Rule 34 requires that an objection to a discovery request "must state whether any responsive materials are being withheld on the basis of that objection." Accordingly, Plaintiff's failure to either produce the video footage or disclose that it was being withheld was in violation of federal rules. If a party fails to produce information in compliance with Rule 26, the party is not allowed to use that information at trial unless the failure was substantially justified or harmless.[2] Plaintiff has shown neither.

---

[1] Martino v. Kiewit N.M. Corp., 600 Fed. Appx. 908, 911 (5th Cir. 2015); Simpson v. Hexion Specialty Chemicals, No. 06–798, 2007 WL 9710857, at *6 (M.D. La. Sept. 19, 2007); Wash. St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C., No. 17-405-JWD-RLB, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019).

[2] FED. R. CIV. P. 37(c)(1).

Accordingly;

**IT IS ORDERED** that Defendants' Motion in Limine is **GRANTED**, and the body camera footage is excluded. The Court notes, however, that the footage may be used as impeachment evidence to the extent that a witness testifies contrary to it.[3] Counsel shall advise the Court of their intention to use the footage as impeachment evidence prior to introducing it for this purpose.

New Orleans, Louisiana this 13th day of August, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* FED. R. CIV. P. 37 cmts.